UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

WENDY L. MEADE,

     Plaintiff,

v.                                 Case No:  8:14-cv-2927-T-DNF

COMMISSIONER OF SOCIAL
SECURITY,

     Defendant.

_____

## OPINION AND ORDER

     Plaintiff, Wendy L. Meade, seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for Social Security Disability Insurance Benefits ("DIB").  The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed a Joint Memorandum of Law (Doc. 18) setting forth their respective positions. For the reasons set out herein, the decision of the Commissioner is **REVERSED AND REMANDED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

    **I.**    **Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

    **A.**  **Social Security Act Eligibility**

     The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382a(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the claimant unable to do her previous work, or any other

substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382(a)(3); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

### B. Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405 (g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate support to a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004) (citing *Lewis v. Callahan*, 125 F.3d 1436, 1439 (11th Cir. 1997)); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Martin v. Sullivan*, 894 F.2d 1329, 1330 (11th Cir. 2002); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995). However, the District Court will reverse the Commissioner's decision on plenary review if the decision applied incorrect law, or if the decision fails to provide sufficient reasoning to determine that the Commissioner properly applied the law. *Keeton v. Dep't of Health & Human Servs*., 21 F.3d 1064, 1066 (11th Cir. 1994). The Court reviews de novo the conclusions of law made by the Commissioner of Social Security in a disability benefits case. Social Security Act, § 205(g), 42 U.S.C. § 405(g).

The ALJ must follow five steps in evaluating a claim of disability. 20 C.F.R. §§ 404.1520, 416.920. At step one, the claimant must prove that she is not undertaking substantial gainful employment. *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001), *see* 20 C.F.R. §

404.1520(a)(4)(i).  If a claimant is engaging in any substantial gainful activity, she will be found not disabled. 20 C.F.R. § 404.1520(a)(4)(i).

At step two, the claimant must prove that she is suffering from a severe impairment or combination of impairments.  *Doughty*, 245 F.3d at 1278, 20 C.F.R. § 1520(a)(4)(ii).  If the claimant's impairment or combination of impairments does not significantly limit her physical or mental ability to do basic work activities, the ALJ will find that the impairment is not severe, and the claimant will be found not disabled.  20 C.F.R. § 1520(c).

At step three, the claimant must prove that her impairment meets or equals one of impairments listed in 20 C.F.R. Pt. 404, Subpt. P. App. 1; *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(iii).  If she meets this burden, she will be considered disabled without consideration of age, education and work experience.  *Doughty*, 245 F.3d at 1278.

At step four, if the claimant cannot prove that her impairment meets or equals one of the impairments listed in Appendix 1, she must prove that her impairment prevents her from performing her past relevant work.  *Id*. At this step, the ALJ will consider the claimant's RFC and compare it with the physical and mental demands of her past relevant work.  20 C.F.R. § 1520(a)(4)(iv), 20 C.F.R. § 1520(f).  If the claimant can still perform her past relevant work, then she will not be found disabled.  *Id*.

At step five, the burden shifts to the Commissioner to prove that the claimant is capable of performing other work available in the national economy, considering the claimant's RFC, age, education, and past work experience.  *Doughty*, 245 F.3d at 1278; 20 C.F.R. § 1520(a)(4)(v).  If the claimant is capable of performing other work, she will be found not disabled. *Id*.   In determining whether the Commissioner has met this burden, the ALJ must develop a full and fair record regarding the vocational opportunities available to the claimant.  *Allen v. Sullivan*, 880 F.2d

1200, 1201 (11th Cir. 1989).  There are two ways in which the ALJ may make this determination. The first is by applying the Medical Vocational Guidelines ("the Grids"), and the second is by the use of a vocational expert.  *Phillips v. Barnhart*, 357 F.3d 1232, 1239 (11th Cir. 2004).  Only after the Commissioner meets this burden does the burden shift back to the claimant to show that she is not capable of performing the "other work" as set forth by the Commissioner.  *Doughty v. Apfel*, 245 F.3d 1274, 1278 n.2 (11th Cir. 2001).

### C.  Procedural History

Plaintiff filed an application for DIB on April 26, 2006, alleging disability beginning January 21, 2006. (Tr. 112-14).   Upon denial and a timely appeal, a hearing was held before Administrative Law Judge Dawn B. Lieb ("ALJ Lieb") on January 29, 2009. (Tr. 21-59, 441-82, 870-913).   On March 25, 2009, the ALJ Lieb entered an Unfavorable Decision.   (Tr. 8-20). Plaintiff filed a request for review to the Appeals Council and the Appeals Council declined review on August 27, 2009.  (Tr. 1-3, 496-98).

A timely Complaint was filed in this Court in Case No. 8:09-cv-2027, and the Honorable Anthony E. Porcelli, United States Magistrate Judge, entered a Report and Recommendation on December 17, 2010, recommending reversal and remand for further proceedings.  (Tr. 500-513). On January 13, 2011, the Honorable James D. Whittemore, United States District Court Judge, entered an Order adopting the Report and Recommendation, reversing the administrative decision, and remanding for further proceedings.  (Tr. 515).  A Judgment was entered in favor of Plaintiff on January 14, 2011, and the Appeals Council remanded the case on February 15, 2011.  (Tr. 515-522).

A Supplemental Hearing was held before Administrative Law Judge Phylis M. Pierce ("ALJ Pierce") on December 6, 2011.  (Tr. 414-40).  On December 9, 2011, ALJ Pierce entered

another Unfavorable Decision.  No exception were filed and the Appeals Council did not assume jurisdiction of the case, so the decision of ALJ Pierce became the final decision of the Commissioner after remand.

Plaintiff filed a timely Complaint in this Court in Case No. 8:12-cv-287, and the Honorable Mark A. Pizzo, United States Magistrate Judge, entered a Report and Recommendation on January 23, 2013, recommending reversal and remand for further proceedings.  (Tr. 966-77).  On February 15, 2013, the Honorable Elizabeth A. Kovachevich, United States District Court Judge, entered an Order adopting the Report and Recommendation, reversing the administrative decision, and remanding for further proceedings.  A Judgment was entered in favor of Plaintiff on February 19, 2013, and the Appeals Council again remanded the case on March 28, 2013.  (Tr. 978-80).

The case was assigned to Administrative Law Judge Arline Colon ("ALJ Colon") who entered another Unfavorable Decision on January 23, 2014.  (Tr. 849-69).  Plaintiff filed Exceptions to the hearing decision with an affidavit from Plaintiff and a memorandum letter from her counsel on February 26, 2014. (Tr. 749-78).  Plaintiff also complained to the Social Security's Division of Quality Service that ALJ Colon had not given Plaintiff a fair opportunity to be heard. (Tr. 782-819).  The Appeals Council refused to assume jurisdiction, making ALJ Colon's Unfavorable Decision the final decision of the Commissioner.  (Tr. 713-19).  On November 21, 2014, Plaintiff filed a Complaint (Doc. 1) initiating the instant action.  The parties having filed a Joint Memorandum of Law (Doc. 18) memoranda of law setting forth their respective positions, this case is ripe for review.

### D.  Summary of the ALJ's Decision

At step one of the sequential evaluation, ALJ Colon found that Plaintiff had not engaged in substantial gainful activity since January 21, 2006, her alleged onset date, through her date last

insured of December 31, 2006.  (Tr. 854).  At step two, ALJ Colon found that Plaintiff has the

following severe impairments:  panic disorder, dysthymic disorder, adjustment disorder, and

Osgood-Schlatter Disease with right knee pain.  (Tr. 854).  At step three, ALJ Colon found that

Plaintiff did not have an impairment or combination of impairments that meets or medically equals

the severity of any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr.

15).

Before proceeding to step four, ALJ Colon found that Plaintiff had the residual functional

capacity ("RFC") to

> perform less than a full range of light work as defined in 20 CFR
> 404.1567(b).  Specifically, the claimant could lift and/or carry up to 20
> pounds occasionally and 10 pounds frequently; stand and/or walk up to
> six hours in an eight hour work day; sit up to six hours in an eight hour
> work day; push and pull unlimitedly consistent with light work; never
> climb ladders, ropes, or scaffolds; no crawling; occasionally climb ramps
> and stairs; occasionally balance, kneel, stoop, and crouch; and restricted
> to unskilled work with no interaction with the general public and only
> occasional interaction with coworkers and supervisors.

(Tr. 857).  At step four, ALJ Colon found that Plaintiff was not capable of performing her past

relevant work as a convenience store clerk, receptionist, or secretary.  (Tr. 860).

At step five, ALJ Colon relied on the testimony of a vocational expert to find that there are

jobs that exist in significant numbers in the national economy that Plaintiff could have performed,

specifically, copy machine worker, mail clerk, and office helper.  (Tr. 861).  ALJ Colon concluded

that Plaintiff was not under a disability at any time from January 21, 2006, the alleged onset date,

through December 31, 2006, the date last insured.  (Tr. 862).

## II.      Analysis

Plaintiff raises three issues on appeal: (1) whether ALJ Colon erred by denying Plaintiff

the opportunity to have a hearing; (2) whether ALJ Colon erred by failing to properly evaluate

medical opinions of record; and (3) whether ALJ Colon erred by improperly evaluating Plaintiff's residual functional capacity.

The Court begins with the first raised issue. The record reflects that on March 28, 2013, the Appeals Council entered an order vacating the final decision of the Commissioner of Social Security and remanding the case to an Administrative Law Judge for further proceedings consistent with the order of the court. (Tr. 980). The Appeals Council entered this order in response to the United States District Court's remand of the case to the Commissioner of Social Security in Case No. 8:12-cv-287. The Appeals Council's remand order specified that "the Administrative Law Judge will offer the claimant the opportunity to be heard, take any further action needed to complete the administrative record and issue a new decision." (Tr. 980).

In her decision, ALJ Colon acknowledged the Appeals Council's directive to offer Plaintiff an opportunity to be heard, but proceeded to evaluate Plaintiff's medical record without a hearing. ALJ Colon explained her rationale for not holding another hearing as follows:

> On March 28, 2011, the Appeals Council vacated the December 9, 2011 decision and remanded the matter to the hearing level for further consideration of medical opinions. This was in response to the second United States District Court remand order. Specifically, the Appeals Council remand order directed that "the Administrative Law Judge will offer the claimant the opportunity for a hearing, . . ." (Emphasis added). Yet, the undersigned notes the provisions at HALLEX I-3-7-40(E), which provide:
>
>> In Title II disability claims in which the period at issue expired before the date of the hearing decision, the claimant need not be offered the opportunity for a hearing unless the Administrative Law Judge finds that the facts warrant it.
>
> The claimant has already had two hearings on the issue of whether she was disabled prior to September 30, 2006 (the date last insured). These hearings occurred in 2009 and 2011. There seems to be absolutely no basis for the directive of a new hearing, as the Appeals Council has offered no reasoning as to how a third hearing would not be cumulative. As a

> result, the undersigned will address the issue presented by the District
> Court to further evaluate the medical opinions of record.

(Tr. 852).

Plaintiff argues that ALJ Colon erred by denying Plaintiff the opportunity to have a hearing in violation of the Appeals Council's remand order.  (Doc. 18 p. 27).  Plaintiff contends that the ALJ was directed to hold a hearing and that ALJ Colon had no discretion as to whether to offer Plaintiff a hearing or not.  (Doc. 18 p. 29).  According to Plaintiff, the Appeals Council notified Plaintiff that she would have an "opportunity for a hearing" and told her that she would be notified of the issues to be decided, have the opportunity to present evidence, and have the opportunity to explain why she believed the administrative law judge should decide the issues in her favor, but instead Plaintiff received no notice of how the proceedings would be conducted; received no notice of when the issues would be decided; and received no notice of the extent of the issues to be considered by the administrative law judge.  (Doc. 18 p. 32).  Plaintiff contends that she was prejudiced by ALJ Colon's decision to enter an Unfavorable Decision without a hearing and requests the case be remanded to allow Plaintiff an opportunity to be heard.

Defendant responds that the ALJ correctly found that Plaintiff had two prior hearings and that a third hearing would be cumulative and unnecessary.  (Doc. 18 p. 36).  Defendant argues that Plaintiff had an opportunity to present additional relevant evidence to the ALJ and Appeals Council, but did not avail herself of the opportunity.  (Doc. 18 p. 37).  Plaintiff contends that Plaintiff's failure to provide any additional evidence concerning her condition shows that her arguments lack credibility and that she has not been prejudiced in any way.  (Doc. 18 p. 37).

"The Appeals Council may remand a case to an administrative law judge so that he or she may hold a hearing and issue a decision or a recommended decision."  20 C.F.R. § 404.977(a). "The administrative law judge shall take any action that is ordered by the Appeals Council and

may take any additional action that is not inconsistent with the Appeals Council's remand order." 20 C.F.R. § 404.977(b).  Such remand orders have been characterized as mandates by the Eleventh Circuit, stating that the lower court, in this case the ALJ, may not alter, amend, or examine the mandate, or give any further relief or review, but must enter an order in strict compliance with the mandate.  *Ross v. Comm'r of Soc. Sec.*, 2013 WL 5236680, at *6 (M.D. Fla. Sept. 17, 2013) (citing *Apone v. Comm'r of Soc. Sec.*, 2011 WL 3055266, at *1 (11th Cir. Jul. 25, 2011) (unpublished)).

In this case, the directive of the Appeals Council's remand order was unambiguous, "the Administrative Law Judge **will** offer the claimant the opportunity to be heard. . ." (Tr. 980) (emphasis added).  Plaintiff was denied such opportunity.  Accordingly, the Court finds that ALJ Colon erred by denying Plaintiff the opportunity to be heard in direct violation of the Appeals Council's remand order.

The Court rejects Defendant's argument that ALJ Colon was justified in relying on the Hearings, Appeals and Litigation Law Manual ("HALLEX") for her noncompliance with the remand order.  HALLEX I-3-7-40, entitled "Preparation of Remand Order," provides that even if the Appeals Council does not direct the ALJ to hold a new hearing on remand, the Appeals Council remand order must direct the ALJ to offer the claimant an opportunity to appear at a new hearing whether or not the claimant previously waived an oral hearing.  HALLEX 1-3-7-40 further provides that "In title II disability claims in which the period at issue expired before the date of the hearing decision (e.g., insured status expired in a disabled worker claim or the claimant reached age 22 in a childhood disability claim), **the remand need not instruct** the ALJ to offer the claimant the opportunity for a hearing unless the ALJ finds that the facts warrant it." (emphasis added).

Here, while the Appeals Council "need not" have instructed the ALJ to offer Plaintiff an opportunity to have a hearing, the Appeals Council, in fact, did so instruct her. HALLEX 1-3-7-40 is a guide as to how the Appeals Council should order a remand, not an independent basis for an ALJ to disregard a remand order. ALJ Colon's belief as to what the Appeals Council should have included in the remand order did not obviate her responsibility to fully comply with the remand order. On remand, the Court will require the ALJ to give Plaintiff an opportunity to be heard as directed by the Appeals Council's remand order.

As Plaintiff's opportunity to be heard may alter the ALJ's evaluation of Plaintiff's claim of disability, the Court defers from addressing Plaintiff's other raised issues at this time.

**III.     Conclusion**

The decision of the Commissioner is **REVERSED AND REMANDED**. The Clerk of the Court is directed to enter judgment consistent with this opinion and, thereafter, to close the file.

**DONE** and **ORDERED** in Fort Myers, Florida on March 18, 2016.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties